KENNETH A. POLITE, JR.
Assistant Attorney General
MATTHEW A. LAMBERTI
Senior Counsel
Computer Crime and Intellectual Property Section
United States Department of Justice
1301 New York Avenue, NW, Suite 600
Washington, DC 20530
Tel.: 202-514-1026
matthew.lamberti@usdoj.gov

CHRISTOPHER CHIOU
Acting United States Attorney
RICHARD ANTHONY LOPEZ
Assistant United States Attorney
Office of the United States Attorney
501 South Las Vegas Blvd., Suite 1100
Las Vegas, Nevada 89101
Tel.: 702-388-6336
tony.lopez@usdoj.gov
*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:22-cr-30-APG-DJA |
| Plaintiff, | **STIPULATION FOR ENTRY OF PROTECTIVE ORDERS** |
| v. | |
| KRISTOPHER LEE DALLMANN, | |
| DOUGLAS M. COURSON, | |
| FELIPE GARCIA, | |
| JARED EDWARD JAUREQUI, a/k/a Jared Edwards, | |
| PETER H. HUBER, | |
| YOANY VAILLANT, a/k/a Yoany Vaillant Fajardo, and | |
| Defendants. | |

Pursuant to Federal Rule of Criminal Procedure 16(d)(1), Federal Rule of Evidence 502(d), and 18 U.S.C. § 3771(a)(8), the United States of America and the defendants and their former counsel consented to the entry of the protective orders attached as Exhibits A, B, C, and D in the Eastern District of Virginia, 1:19-cr-253, Docket Nos. 115, 116, 172 and 570. The defendants and their current defense counsel agree to the entry of the attached protective orders in this District as follows:

1.   Exhibit A applies to Defendants Courson, Garcia, Jaurequi, and Huber. The parties further agree that paragraph 16 of this order is amended in this district to only require redactions in accordance with Rule 49.1 of the Federal Rules of Criminal Procedure and Local Rule IC 6-1 of the Local Rules of the District of Nevada.

2.   Exhibit B applies to Defendants Dallmann and Vaillant. The parties agree that paragraph 16 of this order is amended in this district to only require redactions in accordance with Rule 49.1 of the Federal Rules of Criminal Procedure and Local Rule IC 6-1 of the Local Rules of the District of Nevada.

3.   Exhibits C and D apply to Defendants Dallmann, Courson, Garcia, Jaurequi, Huber, and Vaillant.

/ / /

/ / /

/ / /

Respectfully submitted this 21st day of March 2022.

KENNETH A. POLITE, JR.
Assistant Attorney General

*/s/ Matt Lamberti*
MATTHEW A. LAMBERTI
Senior Counsel
United States Department of Justice

CHRISTOPHER CHIOU
Acting United States Attorney

*/s/ Tony Lopez*
RICHARD ANTHONY LOPEZ
Assistant United States Attorney

*/s/ LaRonda R. Martin*
LARONDA R. MARTIN
NISHA BROOKS-WHITTINGTON
Assistant Federal Public Defenders
*Counsel for Kristopher Dallmann*

*/s/ Paola M. Armeni*
PAOLA M. ARMENI
*Counsel for Douglas Courson*

*/s/ Russell Marsh*
RUSSELL MARSH
*Counsel for Jared Jaurequi*

*/s/ Kathleen Bliss*
KATHLEEN BLISS
*Counsel for Peter Huber*

*/s/ Christopher R. Oram*
CHRISTOPHER R. ORAM
*Counsel for Yoany Vaillant*

*/s/ William H. Brown*
WILLIAM H. BROWN
*Counsel for Felipe Garcia*

**IT IS SO ORDERED:**

_____
HON. DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

March 22, 2022
_____
Date

3

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 1:19-CR-253 |
| v. | The Honorable T.S. Ellis, III |
| DOUGLAS M. COURSON, | |
| FELIPE GARCIA, | |
| JARED EDWARD JAUREQUI, a/k/a "Jared Edwards," | |
| PETER H. HUBER, | |
| *Defendants*. | |

## PROTECTIVE ORDER

This matter comes before the Court upon the Joint Motion of the United States and the above-captioned defendants seeking a Protective Order (hereinafter, the "Order") pursuant to Fed. R. Crim. P. 16(d), and 18 U.S.C. § 3771(a). The Order seeks to prevent the unauthorized disclosure or dissemination of discovery provided by the government in this case, including information relating to the privacy of third parties.

The Court finds good cause to institute a protective order to regulate discovery in this case, as provided in Fed. R. Crim. P. 16(d) and **HEREBY ORDERS**:

1.    All of the materials and information provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this Order and may be used by the defendants and defense counsel (herein defined

as counsel of record and any attorney, paralegal, investigator, translator, litigation support

personnel, and secretarial staff employed by defense counsel, and who is assigned to assist in the

preparation of the defense) solely in connection with the defense of this criminal case, and for no

other purpose, and in connection with no other proceeding, without further order of this Court.

The materials include all information provided by the United States in connection with

discovery, regardless of form, and includes information provided physically, electronically, or

orally.

        2.      Neither the defendants nor defense counsel may disclose the materials or their

contents directly or indirectly to any person or entity other than an authorized person as defined

in this paragraph and under the circumstances described in this Order. Authorized persons shall

be limited to: (a) persons retained by defense counsel to assist in the defense of the criminal case;

(b) persons who are interviewed as potential witnesses; (c) counsel for potential witnesses; and

(d) other persons to whom the Court may authorize disclosure. Notwithstanding the previous

categories of authorized persons, no co-defendant charged in this criminal case shall be deemed

an authorized person for purposes of discovery until the co-defendant appears before this Court.

In addition, defense counsel shall not disclose or discuss the material or their contents to any co-

defendant charged in this criminal case, until the co-defendant appears before this Court unless

otherwise directed by this Court. If defense counsel, after reviewing discovery in this matter,

believes it necessary to seek to disclose or discuss any material with a co-defendant who has not

appeared before this Court, counsel must first consult with the government and/or seek

permission from this Court and a modification of this Order.

        3.      Defense counsel, the defendants, and authorized persons shall not copy or

reproduce the materials except in order to provide copies of the materials for use in connection

with this case by defense counsel and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials. Authorized persons may be provided with copies of the materials as necessary to prepare the defense but may not retain copies without prior permission of the Court.

4.      Defense counsel, the defendants, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

5.      Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

6.      A copy of this Order shall be kept with printed copies of the materials at all times. An electronic copy of this Order shall be available for review on any database housing the materials.

7.      Upon conclusion of all stages of this case, the materials and all copies made thereof shall be disposed of in one of two ways, unless otherwise ordered by the Court. The materials may be (1) destroyed or (2) returned to the government. The Court may require a certification as to the disposition of any such materials.

8.      To the extent any material is produced by the government to defense counsel by mistake, the government shall have the right to the return of such material and shall request any such return in writing. Within five days of the receipt of a request to return such materials, defense counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored. Defense counsel shall have the right to file an

3

objection with the Court to the return of any such material if such material is discoverable in this case.

9.      The restrictions set forth in this section of the Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses specially identified sensitive information as described below, shall be filed under seal and, if necessary, with other handling caveats, to the extent necessary to protect such information, absent prior permission from this Court.

**Sensitive Materials**

10.      Certain materials that have been and will be disclosed by the government contain particularly sensitive information that constitutes personally identifying information, including dates of birth, social security numbers, physical addresses, payment card numbers, telephone numbers, and email addresses (hereinafter, "Sensitive Materials"). Where Sensitive Materials are produced electronically on disc, the government shall provide Sensitive Materials to defense counsel in a password protected, electronic format. Although only the physical disc (and not the individual electronic files) must be labeled "Sensitive," Paragraphs 10 to 18 only apply to the individual items that contain personally identifying information.

11.      In the first instance, disclosure of Sensitive Materials shall be limited to the defendant and defense counsel, as defined above. If the defendant and defense counsel believes it necessary to disclose Sensitive Materials to additional parties—including but not limited to (a) persons retained by defense counsel to assist in the defense of the criminal case; (b) persons who are interviewed as potential witnesses; and (c) counsel for potential witnesses—defense counsel

4

may make such a disclosure but must (a) provide the parties with a copy of this Order; and (b) obtain a certification from the parties that he or she has read, understands, and agrees to the terms of this Order and has manifested his or her assent to be bound thereby, and to be subject to the jurisdiction of the Court.

12.     Except for defense counsel and the defendants, no person is permitted at any time to inspect or review Sensitive Materials outside of the offices of defense counsel, without prior permission from of this Court.  When an authorized person other than the defendant or defense counsel reviews Sensitive Materials at defense counsel's offices, the defendants, defense counsel, or a designated and identified employee of defense counsel must accompany that person at all times while he or she is reviewing the Sensitive Materials, unless otherwise authorized by this Court.

13.     Neither the defendant nor defense counsel shall copy or reproduce Sensitive Materials except in order to provide copies of the materials for use by the defendant or defense counsel in connection with this criminal case.  Copies and reproductions shall be treated in the same manner as the original Sensitive Materials, as described herein.  Authorized persons may not copy or reproduce Sensitive Materials and may not retain any copies of Sensitive Materials.

14.     The defendants and defense counsel may disclose notes or records of any kind that they make in relation to the contents of Sensitive Materials only in the manner described herein.  All such notes or records are to be treated in the same manner as the original materials.

15.     Sensitive Materials shall not be copied or reproduced without prior permission from this Court, except that the defendants and defense counsel may make copies for use exclusively by defense counsel in connection with this criminal case.  Sensitive Materials shall be maintained securely when they are not in use.

5

16.    Absent prior permission from the Court, Sensitive Materials and the content of Sensitive materials shall not be included in any public filing with the Court, and instead shall be submitted under seal or, where appropriate, redacted in accordance with Federal Rule of Criminal Procedure 49.1, Local Criminal Rule 47, and the U.S. District Court for the Eastern District of Virginia Guide To February 15, 2005 Local Rule Amendments Concerning Personal Identifiers.

17.    Nothing in this Order shall restrict use by the defense of Sensitive Materials during the defense's investigation of the allegations and preparation of his defenses or introduction as evidence at trial, except that the defense will notify the government prior to trial of any Sensitive Materials that it wishes to introduce at trial so that the government may seek an additional order sealing the documents and information contained therein from public disclosure as necessary.

18.    Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

    **IT IS SO ORDERED.**

Date: _____
    Alexandria, Virginia


                                    /s/
                                    T. S. Ellis, III
                                    United States District Judge

6

# EXHIBIT B

Case 1:19-cr-00253-TSE Document 116 Filed 11/01/19 Page 1 of 8 PageID# 480

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 1:19-253 |
| v. | The Honorable T.S. Ellis, III |
| KRISTOPHER LEE DALLMANN, | |
| DARRYL JULIUS POLO,<br>a/k/a djppimp, | |
| YOANY VAILLANT, | |
| LUIS ANGEL VILLARINO, | |
| *Defendants*. | |

## AMENDED PROTECTIVE ORDER

This matter comes before the Court upon the Motion of the United States seeking an Amended Protective Order (hereinafter, the "Order") pursuant to Fed. R. Crim. P. 16(d), and 18 U.S.C. § 3771(a). The Order seeks to prevent the unauthorized disclosure or dissemination of discovery provided by the government in this case, including information relating to the privacy of third parties.

The Court finds good cause to institute a protective order to regulate discovery in this case, as provided in Fed. R. Crim. P. 16(d) and **HEREBY ORDERS**:

1.    All of the materials and information provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this Order and may be used by the defendants and defense counsel (herein defined

as counsel of record and any attorney, paralegal, investigator, translator, litigation support personnel, and secretarial staff employed by defense counsel, and who is assigned to assist in the preparation of the defense) solely in connection with the defense of this criminal case, and for no other purpose, and in connection with no other proceeding, without further order of this Court. The materials include all information provided by the United States in connection with discovery, regardless of form, and includes information provided physically, electronically, or orally.

   2.  Neither the defendants nor defense counsel may disclose the materials or their contents directly or indirectly to any person or entity other than an authorized person as defined in this paragraph and under the circumstances described in this Order.  Authorized persons shall be limited to: (a) persons retained by defense counsel to assist in the defense of the criminal case; (b) persons who are interviewed as potential witnesses; (c) counsel for potential witnesses; and (d) other persons to whom the Court may authorize disclosure.  Notwithstanding the previous categories of authorized persons, no co-defendant charged in this criminal case shall be deemed an authorized person for purposes of discovery until the co-defendant appears before this Court. In addition, defense counsel shall not disclose or discuss the material or their contents to any co-defendant charged in this criminal case, until the co-defendant appears before this Court unless otherwise directed by this Court.  If defense counsel, after reviewing discovery in this matter, believes it necessary to seek to disclose or discuss any material with a co-defendant who has not appeared before this Court, counsel must first consult with the government and/or seek permission from this Court and a modification of this Order.

   3.  Defense counsel, the defendants, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection

with this case by defense counsel and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials. Authorized persons may be provided with copies of the materials as necessary to prepare the defense but may not retain copies without prior permission of the Court.

4.     Defense counsel, the defendants, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

5.     Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

6.     A copy of this Order shall be kept with printed copies of the materials at all times. An electronic copy of this Order shall be available for review on any database housing the materials.

7.     Upon conclusion of all stages of this case, the materials and all copies made thereof shall be disposed of in one of two ways, unless otherwise ordered by the Court. The materials may be (1) destroyed or (2) returned to the government. The Court may require a certification as to the disposition of any such materials.

8.     To the extent any material is produced by the government to defense counsel by mistake, the government shall have the right to the return of such material and shall request any such return in writing. Within five days of the receipt of a request to return such materials, defense counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored. Defense counsel shall have the right to file an

3

objection with the Court to the return of any such material if such material is discoverable in this case.

9.　　　The restrictions set forth in this section of the Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses specially identified sensitive information as described below, shall be filed under seal and, if necessary, with other handling caveats, to the extent necessary to protect such information, absent prior permission from this Court.

## Sensitive Materials

10.　　　Certain materials that have been and will be disclosed by the government contain particularly sensitive information that constitutes personally identifying information, including dates of birth, social security numbers, physical addresses, payment card numbers, telephone numbers, and email addresses (hereinafter, "Sensitive Materials"). Where Sensitive Materials are produced electronically on disc, the government shall provide Sensitive Materials to defense counsel in a password protected, electronic format. Although only the physical disc (and not the individual electronic files) must be labeled "Sensitive," Paragraphs 10 to 18 only apply to the individual items that contain personally identifying information.

11.　　　In the first instance, disclosure of Sensitive Materials shall be limited to the defendant and defense counsel, as defined above. If the defendant and defense counsel believes it necessary to disclose Sensitive Materials to additional parties—including but not limited to (a) persons retained by defense counsel to assist in the defense of the criminal case; (b) persons who are interviewed as potential witnesses; and (c) counsel for potential witnesses—defense counsel

4

may make such a disclosure but must (a) provide the parties with a copy of this Order; and (b) obtain a certification from the parties that he or she has read, understands, and agrees to the terms of this Order and has manifested his or her assent to be bound thereby, and to be subject to the jurisdiction of the Court.

12. Except for defense counsel and the defendants, no person is permitted at any time to inspect or review Sensitive Materials outside of the offices of defense counsel, without prior permission from of this Court. When an authorized person other than the defendant or defense counsel reviews Sensitive Materials at defense counsel's offices, the defendants, defense counsel, or a designated and identified employee of defense counsel must accompany that person at all times while he or she is reviewing the Sensitive Materials, unless otherwise authorized by this Court.

13. Neither the defendant nor defense counsel shall copy or reproduce Sensitive Materials except in order to provide copies of the materials for use by the defendant or defense counsel in connection with this criminal case. Copies and reproductions shall be treated in the same manner as the original Sensitive Materials, as described herein. Authorized persons may not copy or reproduce Sensitive Materials and may not retain any copies of Sensitive Materials.

14. The defendants and defense counsel may disclose notes or records of any kind that they make in relation to the contents of Sensitive Materials only in the manner described herein. All such notes or records are to be treated in the same manner as the original materials.

15. Sensitive Materials shall not be copied or reproduced without prior permission from this Court, except that the defendants and defense counsel may make copies for use exclusively by defense counsel in connection with this criminal case. Sensitive Materials shall be maintained securely when they are not in use.

16.     Absent prior permission from the Court, Sensitive Materials and the content of Sensitive materials shall not be included in any public filing with the Court, and instead shall be submitted under seal or, where appropriate, redacted in accordance with Federal Rule of Criminal Procedure 49.1, Local Criminal Rule 47, and the U.S. District Court for the Eastern District of Virginia Guide To February 15, 2005 Local Rule Amendments Concerning Personal Identifiers.

17.     Nothing in this Order shall restrict use by the defense of Sensitive Materials during the defense's investigation of the allegations and preparation of his defenses or introduction as evidence at trial, except that the defense will notify the government prior to trial of any Sensitive Materials that it wishes to introduce at trial so that the government may seek an additional order sealing the documents and information contained therein from public disclosure as necessary.

18.     Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

**IT IS SO ORDERED.**

Date: _____

Alexandria, Virginia

/s/

T. S. Ellis, III
United States District Judge

6

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 1:19-CR-253 |
| v. | The Honorable T.S. Ellis, III |
| KRISTOPHER LEE DALLMANN, | |
| DARRYL JULIUS POLO, <br> a/k/a djppimp, | |
| DOUGLAS M. COURSON, | |
| FELIPE GARCIA, | |
| JARED EDWARD JAUREQUI, <br> a/k/a Jared Edwards, | |
| PETER H. HUBER, and | |
| YOANY VAILLANT, <br> a/k/a Yoany Vaillant Fajardo, | |
| LUIS ANGEL VILLARINO, | |
| *Defendants.* | |

## SECOND PROTECTIVE ORDER

This matter comes before the Court upon the Motion of the United States seeking a

Second Protective Order (hereinafter, the "Order") pursuant to Federal Rule of Criminal

Procedure 16(d) and 18 U.S.C. § 3771(a). The Order seeks to ensure the timely discovery and

destruction of any possible child pornography contraband in newly received documents and

records from Canada in this case, which items the government has not yet had the opportunity to review fully.

The Court finds good cause to institute this supplementary Second Protective Order to regulate discovery in this case, as provided in Fed. R. Crim. P. 16(d) and **HEREBY ORDERS**:

1. The United States is providing additional documents and records to the defendants that it has not yet fully reviewed. The previous Protective Order governs these additional documents and records.

2. If a defendant, defense counsel, or authorized person discovers any copy of child pornography contraband in the documents and records, he or she (through defense counsel, if applicable) must notify the government within 48 hours and confer with the government on the destruction of those items. Furthermore, no defendant, defense counsel, or authorized person shall make, or permit to be made, any copy of the child pornography contraband.

3. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

**IT IS SO ORDERED**

Date: _1/10/20_
Alexandria, Virginia

_____
The Honorable T.S. Ellis, III
United States District Judge

2

EXHIBIT D

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:19-cr-253 |
| v. | The Honorable T.S. Ellis, III |
| KRISTOPHER LEE DALLMANN, | |
| DOUGLAS M. COURSON, | |
| FELIPE GARCIA, | |
| JARED EDWARD JAUREQUI, a/k/a Jared Edwards, | |
| PETER H. HUBER, and | |
| YOANY VAILLANT, a/k/a Yoany Vaillant Fajardo, | |
| Defendants. | |

## PROTECTIVE AND SEALING ORDER

This matter is before the Court on the United States' Motion for a Protective and Sealing Order, which seeks to limit dissemination of materials to be disclosed by the government relating to a personnel matter regarding a federal agent in compliance with the government's discovery obligations in this case. Defendants Dallmann, Courson, Jaurequi, Huber, and Vaillant consented to the government's proposed order. Defendant Felipe Garcia did not respond to the the government's motion within the time period established by the Court and has therefore waived any objections to the government's motion. Based on the findings below, these materials (the "Protected Materials") shall be subject to the following Order:

1. The United States indicates that it wishes to disclose certain sensitive personnel matters to the defense team relating to a federal agent who worked on the investigation in this case. At the same time, the government represents that, in its view, the material is not admissible at trial, such that there is a need to protect against unnecessary dissemination of this information.

The parties recognize that they may disagree about this issue and may need to litigate it on a pretrial basis. For good cause shown, the Court finds that this is an appropriate basis for entering a protective and sealing order under Federal Rule of Criminal Procedure 16(d).

2.  The United States and defense counsel may use the Protected Materials for purposes of litigating the admissibility of such information on a pretrial basis.

3.  Access to Protected Materials shall be restricted to persons authorized by this Protective Order—namely, the defendants, the defendants' attorneys of record in this case, and the attorneys' staff.

4.  Under the terms of this Order, the defendants' access to the Protected Materials requires that they not reveal their contents to anyone beyond their attorneys and their staff.

5.  The following restrictions are placed on the defendants, defendants' attorneys, and the staff of defendants' attorneys unless and until further ordered by the Court. The defendants, defendants' attorneys, and the staff of defendants' attorneys:

   a.  **shall not** allow any other person to disseminate or view the Protected Materials;

   b.  **shall not** use the Protected Materials for any purpose other than for the litigation of their admissibility; and

   c.  **shall** be required to delete, destroy, or return to the United States Attorney's Office the Protected Materials, or any other materials with references thereto, at the conclusion of this litigation matter or upon the individual's removal from the case.

6.  Defendants' attorneys shall inform any person to whom disclosure may be made pursuant to this Protective Order of the existence and terms of this Order. Defense counsel shall

diligently protect from unnecessary dissemination any of the information included in the Protected Materials.

7.    To the extent the parties wish to refer to the name of the relevant agent or the content of the government's disclosures in any filings with this Court, they must do so under seal, either by filing redacted versions of the relevant pleadings or by filing the relevant material in an under-seal attachment to any such pleadings. This Order shall serve as authorization to file such material under seal.

8.    Prior to the disclosure of any Protected Materials to a person not identified in this Order, counsel for the defendant must first receive permission from the Court.

9.    Upon conclusion of this action, and consistent with the ethical responsibilities of defense counsel, defendants' attorneys shall return to government counsel, or destroy all Protected Materials within a reasonable period of time, not to exceed thirty days after the last appeal is final. If any defense counsel is removed from the case, defense counsel, forthwith, shall similarly delete, destroy, or return all Protected Materials to government counsel.

IT IS SO ORDERED.
ENTERED this 29th day of July, 2021.
Alexandria, Virginia

Hon. T.S. Ellis III
United States District Judge