# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

KRISTOPHER LEE DALLMANN, ET AL

        Defendant.

Case No. 2:22-cr-00030-RFB-DJA

**PROPOSED ORDER**

Upon [84] Motion of defendants and for good cause shown, the Court finds that:

1. This case includes a voluminous amount of discovery and a lengthy docket sheet (i.e over 700 filings) in the Eastern District of Virginia. On April 15, 2022, the government provided defense counsel with approximately 423 gigabytes of data including at least 175,000 pages of print discovery (i.e. reports, photos, and spreadsheets). The data also includes FD-302s, investigation reports, bank records, imaging reports, merchant transactions, emails from 6 different full Google accounts, search warrants, subpoena materials, audio and video recordings, and web page images. Besides this data, the government provided another 18.68 terabytes of data including images of various electronics such as servers, phones, tablets, drives, and evidence obtained from Canada pursuant to a Mutual Legal Assistance Treaty request. Defense counsel is still organizing, reviewing, and analyzing this extensive discovery.

2. Additionally, defense counsel recently contacted the government on behalf of their respective clients to make various discovery-related requests. One request was made on February 8, 2023, where defense counsel contacted the government inquiring about additional materials related to this case in the government's possession. The government responded on

6

March 3, 2023, to all defense counsels' requests.[3]  Regarding the February 3, 2023 request, the government advised counsel that the materials are available for copying and that counsel must provide specific sized drives to make a copy.  Defense counsel for Mr. Dallmann have ordered and purchased the required drives and provided the drives to the government on March 22, 2023.  The government estimates it will take at least a couple of months to copy the data.  The data requested contains 63.2 TB of storage.  Upon receipt of the newly provided discovery, Defense counsel will need time to organize, review, and analyze this data.

3. In addition to the discovery and the outstanding materials requested, defense counsel is also exploring the use of possible experts.  Counsel needs additional time to consult with possible experts, provide those experts with relevant material, and allow the possible experts to render an opinion.  Due to the extensive discovery and the complexity of this case, counsel needs additional time to complete its review of the discovery materials; receive and review the outstanding requested materials; confer with possible experts; determine, what if any, pretrial motions should be filed and what if any, motions should be relitigated; and adequately prepare for trial. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall… have the Assistance of Counsel for his defense." U.S. Const. amend. VI.  The core of this right allows the "opportunity for the defendant to consult with an attorney and to have him investigate the case and *prepare a defense for trial." Kansas v. Ventris,* 129 S.Ct. 1841, 1844-1845 (2009) (emphasis added).

4. Defense counsel for co-defendant Jaurequi will be in a month-long trial in September 2023, which furthers the need for additional time to adequately prepare for trial.

5. The additional time requested is not sought for delay, but merely to allow counsel for the defendants sufficient time within which to effectively and completely review and investigate

---

[3] Still pending, however, is a request by counsel for Mr. Huber, regarding certain discovery categories which, on March 1, 2023, counsel for the government responded that the case agent is still working on it.

1   the discovery materials provided, to receive and review the additional materials requested, to

2   determine whether pretrial motions should be filed, and to adequately prepare for trial.

3          6. Additionally, denial of this request for continuance could result in a miscarriage of

4   justice.  The additional time requested by this motion is excludable in computing the time within

5   which the trial herein must commence pursuant to the Speedy Trial Act, Title 18, United States

6   Code, Section 3161(h)(7)(A), considering the factors under Title 18, United States Code,

7   Section 3161(h)(7)(B)(i), (iv).

8                               **CONCLUSIONS OF LAW**

9          The ends of justice served by granting said continuance outweigh the best interest of the

10  public and the defendants in a speedy trial, since the failure to grant said continuance would be

11  likely to result in a miscarriage of justice, would deny the parties herein sufficient time and the

12  opportunity within which to effectively and thoroughly prepare for trial, taking into account the

13  exercise of due diligence.

14         The continuance sought herein is excludable under the Speedy Trial Act, Title 18,

15  United States Code, Section§ 3161 (h)(7)(A), when the considering the factors under Title 18,

16  United States Code,§ 3161(h)(7)(B)(i), (iv).

17                                    **ORDER**

18         IT IS THEREFORE ORDERED that the parties herein shall have to and including

19  October 30, 2023, to file any and all pretrial motions and notice of defense.

20         IT IS FURTHER ORDERED that the parties shall have to and including November 13,

21  2023, to file any all responses.

22         IT IS FURTHER ORDERED that the parties shall have to and including November 20,

23  2024, to file any and all replies.

24         IT IS FURTHER ORDERED that trial briefs, proposed voir dire questions, proposed

25  jury instructions, and a list of the Government's prospective witnesses must be electronically

26  submitted to the Court by February 16, 2024.

8

IT IS FURTHER ORDERED that the calendar call is reset to February 27, 2024 at 1:30 p.m.; and the trial is reset to March 4, 2024 at 8:30 a.m.

DATED this 11th day of September, 2023.

_____
UNITED STATES DISTRICT JUDGE

9